IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LANDIS KELLEY**     **PETITIONER**

**VERSUS**     **CIVIL ACTION NO. 3:14-cv-196-HTW-LRA**

**W.D. "Billy" SOLLIE, Sheriff**     **RESPONDENT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Kelley, filed this *pro se* Petition for Writ of Habeas Corpus under Title 28 U.S.C. § 2254 on March 10, 2014. He is currently incarcerated in the Lauderdale County Detention Facility ("LCDF"), Meridian, Mississippi. On April 4, 2014, Kelley filed a Response [7] to the Court's Order [6] for more information. Upon review of the pleadings and applicable case law, the Court finds as follows.

**I.  Background**

Kelley states that he has been held in custody since May 6, 2013, on the charge of identity theft and automobile burglary without the benefit of any hearing or indictment. Pet. [1] at 5. Kelley further states that the State of Mississippi has not lived up to its obligation of bringing him to trial or addressing his grievances. *Id*. In his Response [7], Kelley informs the Court that he has not filed any pleadings in the Circuit Court of Lauderdale County or higher state courts relating to the grounds presented in the instant habeas request. As relief, Kelley is requesting a "show cause hearing why this case should not be disposed of and the petitioner released from the pun[i]tive sentence instant[ly]." Pet. [1] at 15.

**II.  Discussion**

Under the allegations of the instant civil action, Kelley states that he has not been convicted of the criminal charges of identity theft and automobile burglary. Resp. [1]. A pre-

trial prisoner's suit challenging his incarceration is properly brought pursuant to Title 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir.1987), *cert. denied*, 484 U.S. 956 (1987). The "purpose of the writ [filed pursuant to section 2241] is not to examine the validity of any judgment, but merely to inquire into the legality of a detention." *Fain v. Duff*, 488 F.2d 218, 222 (5th Cir. 1973). Therefore, as a pre-trial petitioner challenging his incarceration based on the pending charges of identity theft and automobile burglary, the instant habeas petition is construed pursuant to Title 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir 1998); *Dickerson*, 816 F.2d at 224 (finding that pretrial habeas petitions are properly brought under § 2241 petitions, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him").

While a pre-trial detainee has the right to seek federal habeas relief, the availability of such relief is not without limits. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 488-89 (1973). "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489. Furthermore, a petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 483.

The United States Supreme Court has drawn a distinction between a pre-trial petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" when litigating a speedy trial defense and a petitioner seeking only to enforce the

state's obligation to bring him promptly to trial. *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)(citing *Braden*, 410 U.S. at 489-490; *Smith v. Hooey*, 393 U.S. 374 (1969)). The Fifth Circuit has held that the distinction is based on the type of relief requested by the petitioner. *Id*. If the petitioner is attempting to prevent the prosecution of the case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Id.* If the petitioner is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide petitioner with a prompt trial. *Id.* "[A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type," and this "objective is normally not attainable through federal habeas corpus." *Id.*

To the extent Kelley's claims can be construed as a request for dismissal of his state criminal charges, he is attempting to assert "an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *See Braden*, 410 U.S. at 489-490. Thus, federal habeas relief is not available for these claims.

To the extent Kelley's claims can be construed as a request to force the State of Mississippi to bring him to trial, he is required to exhaust his claims in state court prior to pursuing a federal habeas corpus petition. *See Dickerson*, 816 F.2d at 228. The exhaustion requirement gives "the State the 'opportunity to pass upon and correct' alleged violations of its prisoner's federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)(quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). In order to satisfy the exhaustion requirement, Kelley must present his claims to the state's highest court in a procedurally proper manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999).

The State of Mississippi provides available remedies for a criminal defendant to assert that his constitutional right to a speedy trial has been violated. *See e.g., Reed v. State*, 31 So. 3d 48,

56-57 (Miss. Ct. App. 2009)(finding criminal defendant may assert a demand for a speedy trial in the trial court and then he is required to obtain a pretrial ruling on that motion). Kelley's pleadings fail to demonstrate that he has completed the exhaustion of his state court remedies for the claims presented in this Petition. *See Dickerson*, 816 F.2d at 228 (finding inmate's numerous preindictment motions in the state court requesting that he be tried as soon as possible did not satisfy exhaustion of speedy trial issue for federal habeas petition). Therefore, to the extent Kelley's claims can be construed as a request to force the State of Mississippi to bring him to trial, they are dismissed as unexhausted.[1]

### III. Conclusion

In sum, Petitioner Kelley is (1) seeking relief not available via federal habeas corpus; or (2) he has not completed the exhaustion of his state court remedies prior to filing this Petition. Therefore, this *pro se* Petition for habeas corpus relief pursuant to § 2241 will be dismissed without prejudice.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED AND ADJUDGED this the 30th day of April, 2014.

s/ HENRY T. WINGATE<br>UNITED STATES DISTRICT JUDGE

---

[1] Kelley does not claim, nor does the Court find, the presence of exceptional circumstances to excuse the exhaustion requirement. *See Deters v. Collins*, 985 F.2d 789, 795-96 (5th Cir.1993)(holding exhaustion requirement may only be excused in "rare cases where exceptional circumstances of peculiar urgency mandate federal court interference"); *see also Nelson v. State of Miss.*, No. 95-60516, 1996 WL 46734, at *3 n.7 (Jan. 8, 1996)(noting that petitioner seeking to excuse exhaustion for excessive delay bears the burden of demonstrating the excessive delay and showing he has not contributed to the delay); *Dickerson*, 816 F.2d at 227(holding that the constitutional right to a speedy trial does not qualify as "a per se 'special circumstance' that obviates the exhaustion requirement").